United States District Court
Southern District of Texas
**ENTERED**
January 03, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BISHOP ISHMAEL SAM, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-03334 |
| | § | |
| JERRY TACHIE-MENSON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Defendant Jerry Tachie-Menson's Motion to Dismiss for Lack of Diversity and Subject Matter Jurisdiction ("Motion to Dismiss"). *See* Dkt. 18. Having reviewed the briefing, the record, and the applicable law, I recommend that the Motion to Dismiss be **GRANTED**.

## BACKGROUND

This lawsuit is brought by Bishop Ishmael Sam ("Bishop Sam"), a resident of Ghana, against Jerry Tachie-Menson ("Tachie-Menson"), a resident of the State of Texas. The Complaint alleges that between August 3 and August 5 of 2021, Tachie-Menson made several false and defamatory statements about Bishop Sam. Bishop Sam has brought a defamation cause of action under Texas state law. He also seeks injunctive relief: (1) prohibiting Tachie-Menson from creating or publishing false and defamatory statements about Bishop Sam; and (2) ordering Tachie-Menson to remove allegedly false and defamatory statements about Bishop Sam from the internet.

Tachie-Menson has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Tachie-Menson argues that this Court lacks subject matter jurisdiction for three reasons. First, he contends that Lighthouse Chapel International ("Lighthouse"), a Texas citizen, is also a plaintiff in this case, thus destroying diversity jurisdiction. Second, Tachie-

Menson argues that in the event I conclude that Lighthouse is not a plaintiff, diversity jurisdiction still does not exist because Bishop Sam is the alter ego of Lighthouse and should be considered a Texas citizen for diversity purposes. Third, Tachie-Menson maintains that diversity jurisdiction is lacking because the amount in controversy does not exceed $75,000.

## LEGAL STANDARD

Rule 12(b)(1) governs challenges to a district court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation omitted). "It is to be presumed that a cause lies outside [of the federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## ANALYSIS

Tachie-Menson's argument that Bishop Sam has failed to establish that the amount in controversy exceeds $75,000 is dispositive.[1]

The federal diversity statute provides that the district courts have original jurisdiction over all civil actions between citizens of a state and citizens or subjects of a foreign state where the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(2). It follows that "[t]he party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

---

[1] Although it is neither here nor there, I am not persuaded by Tachie-Menson's claims that Lighthouse is a plaintiff in this case or that Bishop Sam is the alter ego of Lighthouse.

2

To determine whether the $75,000 threshold has been met, district courts must first look to the complaint. Simply because the complaint recites, without elaboration, that the plaintiff has suffered damages in excess of $75,000 does not automatically mean that the district court possesses jurisdiction. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("bare allegations of jurisdictional facts have been held insufficient to invest a federal court with jurisdiction") (cleaned up). If the complaint makes only a conclusory statement concerning the jurisdictional amount, I must determine whether it is "facially apparent" that the claims exceed $75,000. *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If it is not apparent from reviewing the complaint that the claims exceed the jurisdictional amount, I "may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* As the Fifth Circuit has explained:

> While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury. This is especially so when, after jurisdiction has been challenged, a party has failed to specify the factual basis of his claims. Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact.

*Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982).

Following the Fifth Circuit's directive, I must first determine whether it is facially apparent from Bishop Sam's Complaint that the amount in controversy likely exceeds $75,000. To make this determination, I look at the face of the Complaint and ask whether the amount in controversy exceeds the jurisdictional prerequisite. The Complaint's jurisdictional allegations are short and sweet, providing little, if any, substance. The Complaint states: "As a direct result of Defendant's conduct, Bishop Sam has suffered in excess of $75,000 and in a specific amount to be proven at trial." Dkt. 1 at 4. Bishop Sam asserts that this "clear statement of the amount in controversy being in excess of $75,000" is all that is needed to satisfy the jurisdictional requirement. Dkt. 20 at 8. That is wrong.

As noted, the Fifth Circuit had repeatedly held that naked and conclusory allegations of the jurisdictional amount in dispute, taken alone, do not confer a federal court with jurisdiction. *See Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012); *St. Paul Reinsurance Co.*, 134 F.3d at 1253–54.

After carefully reviewing the Complaint, I cannot say that it is facially apparent from the pleading that the amount in controversy likely exceeds $75,000. Bishop Sam seeks actual damages resulting from four allegedly defamatory statements made by Tachie-Menson. Although Bishop Sam claims that the publication of those four statements caused him to suffer "significant reputational and economic harm," it is unclear that such harm would exceed $75,000. Dkt. 1 at 4. Bishop Sam pleads no facts describing the alleged harm he has experienced, other than using generalized labels that fail to explain how and to what extent he has been damaged. *See id.* at 3 ("These claims are defamatory in that they tend to injure, and do in fact injure, Bishop Sam's reputation and exposes Bishop Sam to public hatred, contempt, and ridicule."). Additionally, although Bishop Sam cursorily asks for emotional distress and mental anguish damages, no facts are pled to indicate that these damages would exceed $75,000.

Because the Complaint does not, on its face, factually demonstrate that at least $75,000 is in controversy, it is incumbent on Bishop Sam, as the party seeking to invoke federal jurisdiction, to produce evidence establishing that his claim exceeds $75,000. Despite being given the opportunity to present summary judgment-type evidence, Bishop Sam has not offered any evidence corroborating his jurisdictional allegations. As a result, the record is devoid of any evidence that would assist me in ascertaining the true amount in controversy.

It is the responsibility of the party invoking jurisdiction to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See St. Paul Reinsurance Co.*, 134 F.3d at 1253. Because Bishop Sam has failed to do so, I conclude that subject matter jurisdiction is lacking. This case should, therefore, be dismissed.

## CONCLUSION

For the reasons identified above, I conclude that this Court lacks subject matter jurisdiction. I therefore recommend that the Motion to Dismiss (Dkt. 18) be **GRANTED** and this case be dismissed.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 3rd day of January 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

.